**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

KASHMIR L. BRAY, )
)
                Plaintiff, )
    vs. ) 2:11-cv-141-JMS-MJD
)
BRUCE LEMMAN, et al., )
)
                Defendants. )

## Entry Concerning Selected Matters

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.    The clerk shall include a copy of the docket sheet with the plaintiff's copy of this Entry. As can be seen from this docket, the lawsuit was filed on May 23, 2011, but process has not been issued to the defendants, process has not been served on the defendants, and the defendants have not waived their right to be served with process. The plaintiff seeks both the issuance of a clerk's entry of default and the issuance of a default judgment.

    a.    The issuance of a default judgment prior to the issuance of an entry of default is improper under the *Federal Rules of Civil Procedure*. *Peak v. District of Columbia,* 236 F.R.D. 13, 15 (D.D.C. 2006) (explaining that "Rule 55 sets forth a two-step process for a party seeking default judgment. A plaintiff must first obtain an entry of default from the clerk of the court, and then she may seek an entry of default judgment. 10A Fed. Prac. & Proc. Civ. 3d § 2682 (stating that '[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)') (some internal citations omitted). By filing a motion for 'entry of default and default judgment' the plaintiff attempts to lump the two steps into one. *Fed.R.Civ.P.* 55.").

    b.    Just as important, here, and as explained in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 351 (1999), "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."

c. There has been no clerk's entry of default. There has been no service on the defendants and no waiver of the right to have process served. Accordingly, the plaintiff's motion for default judgment [9] and motion for the clerk to issue a default judgment [11] are each **denied**.

2. Inasmuch as the plaintiff has supported the requests referenced in Paragraph 1.c. of this Entry with sworn statements which are palpably untrue, the plaintiff is admonished to exercise sufficient care in the filing or even the making of sworn statements in the future to assure that such statements are in fact true.

3. The plaintiff's motion for personal complaint and request for transfer [7] is **denied as premature** because the initial partial filing fee has not yet been received, because the court has not yet determined whether any viable claims are asserted, because the court has not acquired personal jurisdiction over the defendants, and because the question of institution assignment and other programming matters are singularly within the province of prison authorities.

4. If the initial partial filing fee is paid, the complaint will be screened as required by 28 U.S.C. § 1915A(b) and an appropriate order will be issued.

**IT IS SO ORDERED.**

Date: 06/30/2011

*[Signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KASHMIR L. BRAY
DOC #161617
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
CARLISLE, IN 47838

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS OTHER THAN DOCKETING AND DISTRIBUTION.