**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| KASHMIR L. BRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:11-cv-141-JMS-MJD |
| | ) | |
| BRUCE LEMMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint, Severing Certain Claims
and Directing Further Proceedings**

**I.**

Plaintiff Kashmir L. Bray, an inmate at the Wabash Valley Correctional Facility, alleges that the defendants violated his federally secured rights.

**II.**

**A.**

Although there may be aspects of Bray=s claims which are subject to dismissal pursuant to 28 U.S.C. ' 1915A(b), an antecedent feature of the complaint must be addressed.

Rule 18(a) of the *Federal Rules of Civil Procedure* provides: AA party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.@ AThus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . .@ *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of the defendants into one action is proper only Aif there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.@ Fed. R. Civ. P. 20(a). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances.

Bray alleges separate claims against separate groups of defendants:

<u>First</u>, Bray alleges that the Dr. Talens, L. Lamson, and Sullivan Community Hospital violated his Eighth Amendment right to constitutionally adequate medical care following an attack by other inmate.

<u>Second</u>, Bray alleges that he was retaliated against by defendants R. Wells and Lenwebber for requesting grievances.

<u>Third</u>, Bray alleges that Commissioner Bruce Lemman, Interim Executive Director Bryan Pearson, Superintendent Richard Brown, and Assistant Superintendent David Bonner acted in violation of Indiana Department of Corrections Policy 02-03-105.

As just described, therefore, Bray's complaint does not set forth any claim or claims that properly join all defendants. In such a situation, A[t]he court may . . . sever any claim against a party.@ FED.R.CIV.P. 21. That is the remedy which will be applied to the complaint. Consistent with the foregoing, the second and third claims described above will be **severed** from the original complaint.

**B.**

To effectuate the ruling in Part II.A of this Entry, **the second and third claims as described above shall be severed from the complaint and two new civil actions shall be opened for such claims**. The following directions and steps are to be taken:

- Each new action shall be opened and the clerk shall draw a new civil action from the Terre Haute Division;

- The assignment of judicial officers shall be by random draw;

- The complaint in this action (dkt 1) shall be docketed as the complaint in the new actions;

- The first of the new actions shall pertain solely to the claim against defendants R. Wells and Lenwebber. The parties to the first of the new actions are Kashmir L. Bray, plaintiff, and defendants R. Wells and Lenwebber;

- The second of the new actions shall pertain solely to the claim against defendants Commissioner Bruce Lemman, Interim Executive Director Bryan Pearson, Superintendent Richard Brown, and Assistant Superintendent David Bonner. The parties to the second of the new actions are Kashmir L. Bray, plaintiff, and defendants Commissioner Bruce Lemman, Interim Executive Director Bryan Pearson, Superintendent Richard Brown, and Assistant Superintendent David Bonner;

- The nature of suit of each of the newly opened actions is 555 and the cause of action code of each is 42:1983pr;

- A copy of this Entry shall also be docketed in the newly opened actions.

### III.

Consistent with the determination and rulings made in Part II.B. of this Entry, any claims asserted in this action against R. Wells, Lenwebber, Commissioner Bruce Lemman, Interim Executive Director Bryan Pearson, Superintendent Richard Brown, Assistant Superintendent David Bonner, and D. Daugherty are **dismissed without prejudice**.

One consequence of this is that R. Wells, Lenwebber, Commissioner Bruce Lemman, Interim Executive Director Bryan Pearson, Superintendent Richard Brown, and Assistant Superintendent David Bonner are **terminated** as parties in this action.

In order to leave no doubt on the subject, severing of the claims against R. Wells, Lenwebber, Commissioner Bruce Lemman, Interim Executive Director Bryan Pearson, Superintendent Richard Brown, and Assistant Superintendent David Bonner in this case does not represent a final adjudication of such claims.

**IT IS SO ORDERED.**

Date: 10/07/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Kashmir L. Bray
161617
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN 47838

Note to Clerk: Processing this document requires actions in addition to docketing and distribution.